UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ROBERT L. HILL, an individual | Case No. 3:16-cv-00450-AC |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| WAL-MART STORES, INC., a Delaware corporation, WAL-MART STORES EAST, LP, a limited partnership of Delaware, | |
| Defendants. | |

ACOSTA, Magistrate Judge:

*Introduction*

Plaintiff Robert L. Hill ("Hill") filed a negligence lawsuit in the Circuit Court of the State of Oregon for the County of Multnomah against defendants Wal-Mart Stores, Inc., and Wal-Mart Stores East, LP, (collectively "Wal-Mart") to recover for injuries sustained when he slipped and fell in Wal-Mart's Store Number 2552, located in southeast Portland, Oregon. Wal-Mart timely

removed Hill's claims to this court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

Currently before the court is Wal-Mart's motion for summary judgment on all of Hill's claims. Because no triable issues of fact exist as to whether Wal-Mart's acts or omissions constituted negligence, Wal-Mart's motion is granted.[1]

*Background*

On or about February 28, 2014, Hill entered Wal-Mart's Store Number 2552 in southeast Portland, Oregon, and purchased some merchandise. (Compl., (ECF No. 1-2 Ex. B), ¶ 2). Hill used the Men's restroom before leaving the store. (*Id.*). Walking with a crutch under one arm due to a prior knee injury, Hill slipped on the restroom's wet floor and sustained injuries. (Hill Dep. 49:3–49:8; 55:23–56:5).

Prior to slipping, Hill observed a gentleman and a young boy washing their hands. (Hill Dep. 58:5–58:17). The paper towel holder by the sink was empty, but there was an additional paper towel holder across the room. (Hill Dep. 49:12–49:20). When finished washing their hands, the gentleman and the young boy dripped water on the floor as they walked to the additional paper towel holder to dry their hands. (Hill Dep. 57:14–58:24). Similarly, after Hill washed his hands he walked to the additional paper towel holder across the room to dry his hands. (Hill Dep. 49:12–49:20, 58:18–58:20). Hill dried his hands and then, while leaving the restroom, slipped on the wet floor. (Hill Dep. 50:7–50:12). Hill is not clear whether his crutch or his foot slipped on the wet floor. (Hill Dep. 59:25–60:10).

---

[1]The parties have consented to jurisdiction by a United States Magistrate Judge in accordance with 28 U.S.C. § 636(c)(i).

When Hill first entered the restroom he noticed water spots on the restroom floor. (Hill Dep. 55:6–55:7). The restroom floor was not flooded with water, but there were water spots on the floor. (Hill Dep. 57:8–57:10). At his deposition, Hill was shown an exhibit that he identified as photos of water spots on the restroom floor. (Hill Dep. 56:20–57:10). Hill could not say whether the water spots in the photos were the water spots that the gentleman and the young boy dripped on the floor. (Hill Dep. 58:5–58:17). Hill also could not say how long the spots in the photos were on the floor before Hill slipped. (Hill Dep. 59:19–59:21).

*Legal Standard*

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Summary judgment is not proper if material factual issues exist for trial. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995).

The moving party has the burden of establishing the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings to identify facts that show a genuine issue for trial. *Id.* at 324. A nonmoving party cannot defeat summary judgment by relying on the allegations in the complaint, or with unsupported conjecture or conclusory statements. *Hernandez v. Spacelabs Med.., Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003). Thus, summary judgment should be entered against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

The court must view the evidence in the light most favorable to the nonmoving party. *Szajer*

*v. City of Los Angeles*, 632 F.3d 607, 610 (9th Cir. 2011). All reasonable doubt as to the existence of a genuine dispute of material fact should be resolved against the moving party. *Hector v. Wiens*, 533 F.2d 429, 432 (9th Cir. 1976). Where different ultimate inferences may be drawn, summary judgment is inappropriate. *Sankovich v. Life Ins. Co. of North America*, 638 F.2d 136, 140 (9th Cir. 1981).

*Discussion*

Oregon law governs this diversity action. "[I]n an ordinary diversity case where the state law does not run counter to a valid federal statute or rule of court, and usually it will not, state law . . . which reflects a substantial policy of the state, should be followed." *Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 973 (9th Cir. 2013) (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 259 n.31 (1975)).

Under Oregon premises liability law, the duty that a property owner owes to an entrant depends on whether the entrant is an invitee, licensee, or trespasser. *Walsh v. C & K Market, Inc.*, 171 Or. App. 536, 539 (2000). Here, neither party disputes that, at the time of the incident, Hill was a business "invitee" of Store Number 2552. Hill entered the store at Wal-Mart's implied invitation to shop and potentially purchase Wal-Mart's merchandise. *See Parker v. Hult Lumber & Plywood Co.*, 260 Or. 1, 8 (1971) (defining "invitee" as "one who comes upon the premises at the occupier's invitation, express or implied, upon business which concerns the occupier").

Storekeepers, such as Wal-Mart, have a duty to "make their property reasonably safe for their invitees." *Hughes v. Wilson*, 345 Or. 491, 497 (2008). As a general rule, they are obligated to exercise due diligence to discover unsafe conditions on their premises and to warn invitees of those risks. *Woolston v. Wells*, 297 Or. 548, 557–58 (1984). A storekeeper may be held liable for

injuries an invitee sustains from dangers that the storekeeper knew about or, in the exercise of due care, should have known about. *Mickel v. Haines Enters., Inc.*, 240 Or. 369, 371–72 (1965). Specifically regarding slip-and-fall cases, the Oregon Supreme Court has held that the occupant of a business property may be liable to an invitee who falls on a foreign substance on the business's floor, if the plaintiff can prove:

> (1) that the substance was placed there by the occupant, or (2) that the occupant knew that the substance was there and failed to use reasonable diligence to remove it or (3) that the foreign substance had been there for such a length of time that the occupant should, by the exercise of reasonable diligence, have discovered and removed it.

*Pribble v. Safeway Stores, Inc.*, 249 Or. 184, 187 (1968) (quoting *Cowden v. Earley*, 214 Or. 384, 387 (1958)) (emphasis added).

Hill's opposition to summary judgment rests entirely on the third theory of liability, contending that Wal-Mart reasonably should have known the water was on the ground and removed it. (Pl.'s Resp. to Mot. Summ. J., (ECF No. 25), at 2). Viewing Hill's evidence in the light most favorable to Hill, Hill's evidence is insufficient to create a genuine dispute of material fact precluding summary judgment against him.

Oregon case law recognizes that "[i]n the absence of proof from which a reasonable inference can be drawn as to how long the substance was on the floor, there is no basis for a finding of negligence." *Diller v. Safeway Stores, Inc.*, 274 Or. 735, 739 (1976). Plaintiff's evidence cannot establish merely an equal probability that the substance that caused defendant to fall was present for two seconds or two hours. *Dubry v. Safeway Stores, Inc.*, 70 Or. App. 183, 188 (1984). In essence, "[t]he factfinder cannot be allowed to substitute conjecture or speculation for reasonable inferences based on evidence." *Id.*

In *Dubry v. Safeway Stores, Inc.*, the Oregon Court of Appeals held that where plaintiff slipped on a dry and compressed leafy material but there was no evidence as to the leafy material's previous character and location, or evidence of how the leafy material may have arrived at the location, it was equally probable that the leafy material was "on the floor for two seconds or for two hours." *Id.* at 189. The court granted the defendant's motion for summary judgment where the defendant attached the plaintiff's deposition to the defendant's motion for summary judgment, the plaintiff filed no additional evidence, and the plaintiff otherwise failed to show through the pleadings and the plaintiff's deposition that a reasonable factfinder could "conclude that the leaves were on the floor for a sufficient period of time that defendant, in the exercise of reasonable diligence should have discovered and removed them." *Id.*; *see also Reed v. Jackson Cnty*, 105 Or. App. 24, 32 (1990) (noting that, under *Dubry*, a movant's initial burden of production on summary judgment is low in slip-and-fall cases given that "the injured person or witnesses to the injury are the only likely observers of conditions at the time of the injury and . . . [i]f favorable evidence [going to the floor's condition] is unavailable to a slip and fall victim within a short time after the accident, it almost certainly never will be").

A number of recent federal decisions applying Oregon law have granted summary judgment in slip-and-fall cases where the plaintiff could not establish how long the substance was on the floor. *See Taylor v. Thrifty Payless, Inc.*, No. 3:16–CV–00474–HZ, 2017 WL 1987244, at *4 (D. Or. May 12, 2017); *Smith v. Target Corp.*, 3:15–CV–02356–BR, 2016 WL 5939154, at *4–5 (D. Or. Oct. 11, 2016); *Manning v. Victoria's Secret Stores, LLC*, No. 3:15-cv-00693-HZ, 2016 WL 1599805, at *4 (D. Or. April 19, 2016), *appeal docketed*, No. 16–35377 (9th Cir. May 5, 2016); *Laygui v. Wal-Mart Stores, Inc.*, No. 6:13–cv–00327–AA, 2014 WL 3695536, at *3–4 (D. Or. July 24, 2014); *Cardenas*

v. Wal-Mart Stores, Inc., No. 3:13–cv–01725-ST, 2015 WL 2949332, at *3–6 (D. Or. June 27, 2014); *Feazle-Hurt v. Target Corp.*, No. 3:12–cv–00997–AC, 2013 WL 5797601, at *6 (D. Or. Oct. 28, 2013). For example, in *Taylor v. Thrifty Payless, Inc.*, the court granted the defendant's motion for summary judgment where the plaintiff slipped on a large puddle of brownish liquid at the end of a store aisle but could not establish when the spill occurred. 2017 WL 1987244, at *1, *5. The plaintiff tried to establish a genuine dispute of material fact based on testimony in her declaration and deposition, and the testimony of the store manager and an employee. *Id.* The plaintiff argued that "because she did not hear or see anything while she was in the store indicating that the cashier notified anyone that there was a spill, Defendant must have been notified of the spill long before Plaintiff arrived at the store the first time." *Id.* The plaintiff also argued that because the manager and an employee "testified that someone other than Plaintiff first told Defendant about the spill, the spill must have been reported before her fall." *Id.* However, these arguments, and others, were "based on impermissible guesswork and speculation." *Id.* The plaintiff "fail[ed] to carry her evidentiary burden" as construing all logical inferences in the plaintiff's favor "produce[d] nothing more than the 'equal probability' that [Oregon case law has] rejected as insufficient to defeat summary judgment in a slip-and-fall case." *Id.* at *6.

In *Manning v. Victoria's Secret Stores, LLC*, the court granted the defendant's motion for summary judgment where the plaintiff slipped on a glossy marketing sign that was on the floor of defendant's store but the plaintiff could not establish how long the sign was on the floor. 2016 WL 1599805, at *4. The record did not show how long the sign was on the floor, except for testimony by one of the defendant's employees that she had passed through the area where the sign fell about ten minutes before the incident and did not notice the sign or anything else on the ground. *Id.* The

court found such evidence "insufficient to create a question of fact as to whether the sign was on the ground for such a period of time that a Victoria's Secret employee should have discovered it with reasonable diligence." *Id.* "Even if a jury found incredible [the employee's] claim that she was in the area of Manning's fall approximately ten minutes before the incident, Manning's failure to produce any other evidence about the length of time the sign was on the floor [was] fatal to her claim." *Id.*

This court granted summary judgment for the defendant storeowner in *Feazle-Hurt v. Target Corp.*, 2013 WL 5797601, at *6. In *Feazle-Hurt*, the plaintiff allegedly slipped in the defendant's store on a tag that had detached from a children's toy. *Id.* at *2. The plaintiff did not notice the tag before or after the fall but several of the defendant's employees believed that the tag was involved in the incident. *Id.* Similar to *Manning*, the only testimony regarding the duration of time that the tag was on the floor was a "Target employee's statement that he did not see the tag when he walked through the area ten minutes prior to the incident . . . ." *Id.* at *6. Further, the tag's condition "provid[ed] no evidence that allowed a reasonable inference of the length of time it had been on the floor." *Id.*; *see also Audas v. Montgomery Ward, Inc.*, 79 Or. App. 718, 720–21 (1986) (finding that where plaintiff slipped on a melted frozen dairy substance, and there was evidence that the substance had crusted over and begun to dry, plaintiff's claim survived summary judgment given that "the jury could reasonably infer, based on common knowledge, that a liquid substance would have to be on the floor more than a short time to assume that appearance"). "It [was] just as probable that the tag fell to the floor immediately before Feazle-Hurt's accident as it [was] that the tag had been there for a lengthy period of time." *Feazle-Hurt*, 2013 WL 5797601, at *6. Given that the plaintiff did not establish how long the tag had been on the floor, the plaintiff's claims were dismissed. *Id.*

Similarly, as Hill has failed to establish how long the water that he slipped on was on the floor, his claim is dismissed. Hill stated in his deposition that he noticed water on the bathroom floor when he entered the bathroom. Hill notes that there were no paper towels in the dispenser next to the sink when he arrived in the bathroom, forcing people to walk across the bathroom with wet hands. He argues that "[t]he paper towel dispenser *could* have been empty for an hour, causing bathroom patrons to walk over with dripping hands." (Pl.'s Resp. to Mot. for Summ. J., (ECF No. 25) at 4) (emphasis added).

But, while the empty paper towel holder provides a possible explanation for why there was water on the ground, there is no evidence as to when the paper towel holder became empty. The paper towel holder could have been empty for an hour — as Hill suggests — or it could have been empty for five minutes. Hill's argument merely layers one uncertainty on top of another. Furthermore, assuming Hill slipped on the water that the gentleman and the young boy dripped on the floor rather than the water Hill saw when he entered the bathroom, Wal-Mart cannot be held liable for failing to discover such water. *See Pavlik v. Albertson's Inc.*, 253 Or. 370, 375 (1969) (noting that where plaintiff slipped on a leaf "it would have been to no avail" to show that the leaf had been on the ground for two minutes).

Rather than establish how long the relevant water was on the floor, Hill argues that he does not "have to prove anything" on summary judgment. (Pl.'s Resp. to Mot. for Summ. J. at 3). In particular, Hill cites *Robinson v. Lamb's Wilsonville Thriftway*, 332 Or. 453, 462 (2001), arguing that on summary judgment Wal-Mart's submission of Hill's deposition alone is insufficient to shift the burden of production to Hill. But *Robinson* is inapplicable to the case at bar. The ruling in *Robinson* is based on an outdated version of Oregon's summary judgment standard, rather than the

current federal summary judgment standard. Here, the federal summary judgment standard applies. *See Cuprite Mine Partners LLC v. Anderson*, 809 F.3d 548, 554 (9th Cir. 2015) (finding that where federal courts are sitting in diversity "the 'procedural aspects of summary judgment' are governed by the Federal Rules of Civil Procedure, and 'the law of the forum controls the substantive issues'"). As noted above, if the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings to identify facts that show a genuine issue for trial. *Celotex Corp.*, 477 U.S. at 324; *see also Nissan Fire & Marine Ins. Co. v. Fritz Companies*, 210 F.3d 1099, 1106 (9th Cir. 2000) ("in appropriate cases, a moving party may carry its initial burden of production by showing that the nonmoving party does not have enough evidence to carry its ultimate burden of persuasion at trial"). Where plaintiffs have argued in Oregon slip-and-fall cases that defendants should have discovered a hazardous substance on their business's floor and defendants have moved for summary judgment, federal courts have insisted that plaintiffs produce evidence establishing how long the hazardous substance was on the floor. *See, e.g., Taylor,* 2017 WL 1987244, at *4 (finding that where the only evidence in the record relating to how long the hazardous substance was on the floor required speculation, "the plaintiff's failure to produce any other evidence about the length of time the sign was on the floor was fatal to her claim"); *Smith*, 2016 WL 5939154, at *5 ("Paula Smith does not proffer any nonspeculative evidence as to what she slipped on or how long the unknown item had been on the floor before her fall."); *Laygui,* 2014 WL 3695536, at *3 ("Plaintiff, however, proffers no evidence concerning how long the detergent, or any other substance, had been on the floor prior to her fall.").

Moreover, *Robinson* itself was based on an outdated Oregon summary judgment standard. 332 Or. at 460. *Robinson* was on appeal when the Oregon legislature approved of a new summary

judgment standard. *Id.* *Robinson* ruled that the old state summary judgment standard applied because the new summary judgment standard was not intended to apply to actions on appeal when the new summary judgment standard went into effect; the new summary judgment standard applied only to actions pending in trial courts at the time of the new standard's effective date and to those actions filed after the standard's effective date. *Id.* at 460. This is significant because, under the new standard, "the burden to produce evidence on any issue raised in the motion falls on the party opposing the summary judgment motion if that party has the burden of persuasion at trial." *JAL Constr., Inc. v. Friedman*, 191 Or. App. 492, 496 n.4 (2004). Had *Robinson* applied the new standard, the plaintiff, as the party with the burden of persuasion at trial, would have had to produce evidence going to whether defendant was aware of the clear liquid or should have been aware of the clear liquid. In short, *Robinson* is inapplicable to the case at bar.

Viewing the evidence in the light most favorable to Hill, the evidence merely establishes an equal probability that the water that caused him to fall was present for two seconds or two hours. As such, Hill's evidence is insufficient to create an issue of material fact precluding summary judgment.

*Conclusion*

The court GRANTS Wal-Mart's motion (ECF No. 21) for summary judgment.

IT IS SO ORDERED.

DATED this 5th day of June, 2017.

                                                 /s John V. Acosta
                                                  JOHN V. ACOSTA
                                           United States Magistrate Judge