UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

ROBERT L. HILL, an individual,                              Case No. 3:16-cv-0450-AC

             Plaintiff,                              OPINION AND ORDER

       v.

WAL-MART STORES, INC., a Delaware
corporation; WAL-MART STORES EAST, LP,

             Defendants.
_____

ACOSTA, Magistrate Judge:

Before the court is defendants Wal-Mart Stores, Inc. and Wal-Mart Stores East, LP's

(collectively, "Wal-Mart") cost bill.  (ECF No. 36.)  Plaintiff Robert L. Hill ("Hill") initiated this

lawsuit in 2016, alleging premises liability.  (ECF No. 1, Ex. B.)  The court granted Wal-Mart's

motion (ECF No. 21) for summary judgment and dismissed Hill's complaint with prejudice.  (ECF

No. 34.)  Wal-Mart, as prevailing party, seeks to recover $5,272.77 in costs.  (ECF No. 36, at 1.)

Hill did not file  objections to Wal-mart's cost bill.  For the reasons explained below, Wal-Mart's

motion is DENIED.[1]

_____

[1] The parties have consented to jurisdiction by a United States Magistrate Judge in
accordance with 28 U.S.C. § 636(c)(i).

Under Federal Rule of Civil Procedure ("Rule") 54(d), costs generally are awarded to the prevailing party in a civil action as a matter of course unless the court directs otherwise. Rule 54(d) creates a presumption in favor of awarding costs to the prevailing party. *Ass'n of Mex.–Am. Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000) (en banc). The types of costs that courts may award under Rule 54(d) are enumerated in 28 U.S.C. §§ 1920 and 1821.

Local Rule of Civil Procedure ("Local Rule") 54-1(a)(1) requires the prevailing party to "file an affidavit or declaration and appropriate documentation" in support of a bill of costs. Local Rule 54-1(a)(2) further requires, by reference to 28 U.S.C. § 1924, an affidavit verifying that the items claimed in the cost bill are "correct[, have] been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed." 28 U.S.C. § 1924. A bill of costs unaccompanied by the required affidavits and documentation is insufficient. *See Primerica Life Ins. Co. v. Ross*, No. CV 06-763-PK, 2006 WL 317044, at *3 n.2 (D. Or. Nov. 1, 2006) (affidavits stating only amounts of fees and costs do not allow the court to determine the reasonableness of such expenses).

Wal-Mart's cost-bill finding includes the bill of costs itself and receipts and invoices for the various costs claimed in the cost bill. Wal-Mart did not submit any supporting affidavits, much less affidavits or declarations sufficient for determination that the claimed costs were reasonable and necessary. Local Rule 54-1(a)(1) unambiguously requires more than a bare recitation of costs. Without a declaration or affidavit explaining why the requested fees and costs were necessary and reasonable, the court cannot conclude that Wal-Mart is entitled to recover costs in any amount. Accordingly, Wal-Mart's bill of costs is DENIED for failure to comply with Local Rule 54-1(d)(1).

/ / / / /

*Conclusion*

Wal-Mart's Bill of Costs (ECF No. 36) is DENIED.

IT IS SO ORDERED.

DATED this 4th day of August, 2017.


                                    /s John V. Acosta
                                   JOHN V. ACOSTA
                              United States Magistrate Judge